GEORGINA ESCOBAR, Plaintiff and Appellee, *v.*
LUIS RIVERA, Defendant and Appellant.

No. 10961.   Argued November 2, 1953.—Decided June 30, 1955.

*Luis R. Apellániz* for appellant.   *Benigno Pacheco Tizol* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

In this suit plaintiff claims that two farms, which she identifies in her complaint with the letters "A" and "B", are community property because they were acquired during her marriage with the defendant.

The facts are not in issue:

On January 17, 1930, while single, the defendant acquired, by purchase from the Heirs of Amalio Artemio Lanzó, known as Amalio Cepeda, the rights and actions that said Estate had or could have, in three properties described in the deed executed for said purpose.   Two of said properties are properties "A" and "B" object of this suit.

On February 24, 1930, the defendant brought an action of revendication against Marcial Suárez Suárez, claiming the property identified in this suit under letter "A".   In his answer to the complaint, Marcial Suárez Suárez alleged that he had acquired dominion title to said property by purchase from Amalio Artemio Lanzó predecessor of the heirs of Lanzó, according to a deed executed on August 22, 1911, before notary José E. Benedicto, his dominion title being recorded in the Registry of Property.

On July 29, 1933, the defendant married plaintiff.

On August 24, 1935, during this marriage, and before any trial in the revendication suit had been held, defendant executed, with the consent of his wife, a deed entitled "Compromise, Sale and Mortgage" in which he bound himself with Marcial Suárez Suárez—the other party in said deed—to desist from the action of revendication and the latter in turn bound himself to sell to the defendant property "A" claimed in this action as well as another property—not in litigation—which in the aforesaid deed—as well as in the present suit—is identified under letter "B". By virtue of said compromise, property "A" would be sold to the defendant—as it was actually sold by the deed—for the sum of $1,250, which price the defendant bound himself to pay within six years with interest at the rate of 8 per cent per annum; and property "B" would be sold to defendant, as was also done, for $200. It was stated in said deed, in referring to the obligations arising from the compromise in connection with the selling price of property "B", the following: "that such is the amount for which they have compromised said suit"; and in making the alienation of said property it was stated in the deed itself, in referring to the property, that it was sold for $200 "which is the amount for which the parties appearing herein compromised the aforesaid civil action of revendication, whereby said purchaser has nothing to pay as the vendor gives it to him in payment of said $200."

To secure the payment of the sum of $1,200, which is the deferred price of property "A", its interests, etc., the defendant, with the express consent of his wife, plaintiff herein, executed a voluntary first mortgage on said property in favor of the vendor Suárez Suárez.

This mortgage was paid entirely by the defendant while still married to plaintiff according to a receipt of payment executed by the mortgagee on September 10, 1946.

The marriage between the plaintiff and the defendant was dissolved by a divorce decree subsequent to the cancellation of the aforesaid mortgage.

The trial court rendered judgment declaring that the property identified under letter "A" was community property because it had been acquired during their marriage and the purchase price paid while their marriage was still in force; and that the property identified under letter "B" was the separate property of the defendant, because, although it was acquired during the marriage, it was the result of the compromise of rights and actions belonging to the defendant separately.

On appeal, the defendant contends that the trial court erred in regarding property "A" as community property. He alleges that the compromise made with the defendant Suárez Suárez in the revendication suit was of rights and actions acquired prior to his marriage with plaintiff, and that, therefore, said property "A" must be regarded as separate property.

We do not agree. Although defendant, while single, acquired the rights and actions that the heirs of Lanzó had in the properties object of said assignment, no judicial award of said rights was ever made and the extra-judicial compromise which he reached with Suárez Suárez was of a limited scope and, according to the agreement in the deed executed for said purpose, its sphere and effects were limited to property "B", which was awarded to him in payment of the $200 and which served as consideration for defendant to abandon his claim. Although the claim merely involved property "A", and it was from such claim that plaintiff desisted, the true consideration of the compromise was the aforesaid sum, and it was in payment of said sum that defendant in said suit conveyed property "B" to him. It clearly appears from said deed, therefore, that defendant received payment of "the amount for which the parties appearing herein compromised the aforesaid civil action of

revendication", that is, the sum of $200, by being awarded a property other than that claimed in his action of revendication, property "A" being, consequently, altogether released from his claim and this latter property being included in the compromise for the sole purpose of executing its sale, as it was sold, under the conditions and for the price already stated.

The presumption that property "A" partakes of a community character because it was acquired during the marriage, § 1307 of the Civil Code, 1930 ed., was not only destroyed by the evidence but ratified by the clear and exact terms of the deed executed. With regard to said property it is not the case of an acquisition made—although during the marriage—in substitution, subrogation or exchange of a separate right which must come to form part of the separate capital of the defendant, 9 Manresa, 5th ed., *Comentarios al Código Civil*, 547 to 552 and 595 *et seq.*; 22 Scaevola *Código Civil*, 120 *et seq.* As a compromise and in payment of his alleged right to said property "A" defendant received property "B" and that is why it was adjudicated by the trial court as his separate property. When property "A" was released, defendant's acquisition by purchase from Suárez Suárez partakes of the nature of community and not of separate property, for it was not by virtue of the acknowledgment of his alleged title thereon that the sale was executed but rather by virtue of the payment of the price stipulated for its alienation, which price was paid with funds of the conjugal partnership. Therefore, the trial court did not err in regarding as community property the property object of the present appeal.

The judgment will be affirmed.